UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

                                File No. 1:06-CR-146
v.

                                HON. ROBERT HOLMES BELL

WANDA L. GRAEBNER,

       Defendant.

_____/

## O P I N I O N

This matter comes before the Court on Defendant Wanda Graebner's motion to reduce sentence, ostensibly filed pursuant to FED. R. CRIM. P. 35.

On July 27, 2006, Defendant entered a plea of guilty in this Court to one count of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § § 846, 841(a)(1) and 841(b)(1)(A). The plea was accepted by the Court on August 28, 2006. On September 4, 2006, she was sentenced to 120 months in prison on the offense. Count 2 of the indictment, charging possession with intent to distribute 50 grams or more of methamphetamine, was dismissed. Defendant did not appeal her conviction or sentence. However, on May 16, 2007, she filed the instant motion, seeking to reduce her sentence under FED. R. CRIM. P. 35.

Upon review, the Court advised Defendant that, although her motion purportedly seeks relief under FED. R. CRIM. P. 35, that rule provides that only the Government may

file such a motion. Defendant's motion therefore is not cognizable as a Rule 35 motion. As a result, the Court advised Defendant that it was unable to construe Defendant's post-conviction motion as anything other than a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. However, before the Court may characterize Defendant's pleading as a § 2255 motion, it must warn her that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." *See Castro v. United States*, 540 U.S. 375, 383 (2003); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). As a consequence, by way of order issued May 31, 2007, the Court directed that within 30 days of the order, Defendant should either withdraw her motion or amend it to include all of the claims she wishes to raise in a motion pursuant to § 2255. The Court further ordered that, should Defendant fail to act within 30 days, the Court would construe the instant motion as a motion filed pursuant to § 2255. Defendant failed to file any supplemental document. Accordingly, the matter now is before the Court for review as a § 2255 motion.

## I.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the

guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal because the record may be inadequate to permit review. *See Massaro*, 538 U.S. at 504-05; *United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to

-3-

raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance
> . . . . Rather, the hearing conducted by the court, if any, must be tailored to the
> specific needs of the case, with due regard for the origin and complexity of the
> issues of fact and the thoroughness of the record on which (or perhaps, against
> which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## III.

The files and records in this case conclusively show that Defendant is not entitled to relief under § 2255. In her motion, Defendant recites a series of objections to the scoring of

the Sentencing Guidelines as applied to her case. In particular, she contends that she should have been given a criminal history level of I rather than II, that she should have received a three-point reduction for acceptance of responsibility rather than a one-point reduction, and that she was charged with a quantity of one pound of methamphetamine when she only possessed half a pound. She also generally complains that she is not entitled to a Federal Bureau of Prisons program and that she was not eligible for reductions to her sentence based on cooperation.

Defendant's objections are both factually and legally meritless. First, as a factual matter Defendant received a total reduction of three points for acceptance of responsibility. Second, the Court actually found her criminal history level to be I rather than II. The Court also reduced her offense level from that recommended by the probation officer, disallowing points for the possession of firearms. Those reductions resulted in a guidelines range of 168 to 210 months, as opposed to the recommended 188 to 235 months. More importantly, the Court sentenced Defendant to only 120 months, well below the guidelines range calculated by the Court or the probation office. That sentence reflects the statutory mandatory minimum ten-year sentence for the offense to which she pleaded guilty, conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. The Court made no factual findings of quantity beyond the minimum quantity expressly admitted by Defendant at the time of the plea. (Plea Tr. at 16-17.) Defendant was advised of the ten-year minimum sentence at the time she entered her guilty plea. (Plea Tr. at 5-6.) In sum, as a factual matter,

the Defendant received every reduction for which she now claims entitlement – and then some.

Moreover, as a legal matter, Defendant fails even to allege, much less demonstrate, cause and prejudice excusing her failure to file a direct appeal of her sentence. *See Massaro*, 538 U.S. at 504; *Bousley*, 523 U.S. at 622. Her claims, therefore, are procedurally defaulted. Even had she demonstrated cause excusing her default, she fails to identify any constitutional right that was violated during her conviction or sentence. As the Court previously has observed, a person seeking relief under § 2255 "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin*, 330 F.3d at 736. None of the bases for relief raised by Defendant implicate an issue of constitutional dimension. She merely argues for further leniency from this Court. Such arguments are not grounds for § 2255 relief.

## IV.

Because Defendant has failed to meet the cause and prejudice standard, she is barred from raising the sentencing issue in this § 2255 proceeding. The files and records in this case conclusively show that Defendant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

Under 28 U.S.C. § 2253(c)(2), the Court must next determine whether a certificate of appealability should be granted.  A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Defendant's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The Court finds that reasonable jurists could not find that this Court's dismissal of each of Defendant's claims was debatable or wrong.  Therefore, the Court will deny Defendant a certificate of appealability

An order consistent with this opinion will be entered.

Date:   __August 28, 2007__          /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE